IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORVIN N. HOWARD.,

    **Petitioner,**

v.                                      No. 15-cv-00518-DRH

UNITED STATES OF AMERICA,

    **Respondent.**

### MEMORANDUM and ORDER

#### I. INTRODUCTION

Pending before the Court is petitioner Corvin N. Howard's motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1). Howard asserts he directed his trial counsel to file an appeal on his behalf but his counsel failed to do so. As a result, Howard contends his attorney failed to provide effective assistance of counsel in violation of the Sixth Amendment by failing to file an appeal.

For the reasons described herein, the motion is **DENIED**. Further, as the Court finds that the files and records of the case conclusively show that the petitioner is not entitled to relief, the petitioner's request for a hearing is **DENIED.** See *Bruce v. United States*, 256 F.3d 592 (7th Cir. 2001).

## II. BACKGROUND

On August 21, 2013, a superseding indictment charged Howard with one count of unlawful possession of a firearm by a previously convicted felon in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2); and one count of possession with the intent to distribute a controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). On September 18, 2013, Howard pleaded guilty pursuant to a plea agreement. In the plea agreement, Howard agreed to the following relevant terms: (1) he "has read the Plea Agreement and has discussed it with defense counsel, understands it, and agrees to be bound by it;" (2) he qualified as a career offender pursuant to U.S.S.G. § 2D1; and (2) he voluntarily waived his right to contest his conviction and/or sentence through a direct appeal or through a collateral attack (Criminal Case, Doc. 29). Although the plea agreement stated Howard was a career offender, at sentencing, both parties acknowledged that the calculations in the plea agreement were incorrect. Presentence Report ("PSR") (Criminal Case, Doc. 41, ¶ 94). Therefore, the career offender sentencing enhancement did not apply to Howard (Criminal Case, Doc. 41 ¶ 94).

The Court reviewed the plea agreement with Howard while he was under oath (Criminal Case, Doc. 54 p. 3-11). Howard acknowledged in writing and in open court he had read the plea agreement, discussed it with counsel, understood it, and agreed to be bound by its terms (Criminal Case, Doc. 54 p. 11-15).

Further, Howard confirmed with the Court he understood he was waiving most of his appellate rights under the plea agreement (Criminal Case, Doc. 54 p. 12).

Howard's applicable guideline range was 70 months to 87 months imprisonment (Criminal Case, Doc. 41 ¶ 93). At sentencing, on March 5, 2014, the Court sentenced Howard to 78 months of imprisonment, to be served concurrently for counts 1 and 2; three years of supervised release; a fine of $400, and a special assessment of $200 (Doc. 42, Doc. 45). Towards the end of the sentencing hearing, Howard was advised by the Court that he had waived certain appeal rights as part of his plea agreement. Howard stated that he did not have any questions with regard to his appeal rights. Judgment was entered on March 5, 2014(Doc. 45).

Howard's petition was deposited in the mail on April 30, 2015. Howard contends his attorney failed to provide effective assistance of counsel in violation of the Sixth Amendment by failing to file an appeal (despite, allegedly, being directed to file an appeal by Howard). Howard does not specify when he discovered that his attorney failed to file a direct appeal. In responding to the petition, the government has included a declaration from Howard's attorney (Doc. 10-3). In his declaration, Howard's attorney attests to the following: (1) he and Howard reviewed the plea agreement together prior to signing it; (2) he specifically advised Howard he was waiving his right to appeal a within guideline sentence; and (3) Howard never instructed counsel to file an appeal.

### III. ANALYSIS

**A. Statute of Limitations**

Section 2255 has a one-year statute of limitations, which begins to run from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the instant case, there is some question as to whether subsection (f)(1) or subsection (f)(4) controls.[1] Howard's petition is premised on his attorney's failure to file a direct appeal despite Howard's alleged direction to file an appeal. Howard's attorney has filed a declaration stating Howard never instructed him to file an appeal on his behalf. If Howard's attorney is correct, then subsection (f)(1) controls and the petition must be dismissed as untimely.[2] If Howard is correct,

---

[1] Neither subsection (f)(2) nor (f)(3) are applicable in this case.
[2] Howard's judgment was filed on March 5, 2014 and no direct appeal was taken. Therefore, for the purposes of subsection (f)(1), Howard's judgment became final when his time to file a notice of appeal expired on March 19, 2014. This gave Howard until March 18, 2015 to file the subject

then subsection (f)(4) is controlling and the Court must determine the date on which Howard could have discovered that his attorney failed to file an appeal.[3] If Howard could have discovered the alleged failure to file an appeal on or before April 29, 2014, then the appeal is untimely under subsection (f)(4). If, however, the "could have discovered" date is April 30, 2014 or later, then the appeal is timely.

The Court does not doubt the attestation of Howard's attorney. Nevertheless, for the sake of argument, the Court will proceed as if subsection (f)(4) is controlling. Under subsection (f)(4), the due diligence inquiry "focuses on when the factual predicate of a particular claim *could have* been discovered; recognition of the legal significance of the facts is irrelevant, as is the time that the underlying facts were actually discovered. Still, courts evaluating the timeliness of a § 2255 motion must consider 'individual circumstances,' which for imprisoned individuals include the conditions of confinement and the practical realities of the prison system." *Jones v. U.S.*, 20 Fed. Appx. 520, 522-23 (7th Cir. 2001) (emphasis supplied) (internal quotations and citations removed).

Considering the above, the date on which Howard, in exercising due diligence, should have discovered his attorneys' failure to appeal, is a fact-specific inquiry. In the instant case, the record is inadequate to determine at what point Howard should have discovered that his counsel failed to file a notice of appeal.

---

petition. Howard's petition was not deposited in the mail until April 30, 2015. Accordingly, if subsection (f)(1) is applicable, Howard's petition is time-barred and must be dismissed.

[3] *See Jones v. U.S.*, 20 Fed. Appx. 520, 522-23 (7th Cir. 2001) (subsection (f)(4) applies to statute of limitations for 2255 claim relating to counsel's alleged failure to file a direct appeal).

However, the Court need not resolve this evidentiary issue because, as is discussed more fully below, even assuming Howard's petition is timely under subsection (f)(4), the petition must be dismissed because of the waiver contained in Howard's plea agreement.

### B. Waiver

Assuming that Howard's petition is timely under subsection (f)(4), the petition is still subject to dismissal because of the waiver contained in Howard's plea agreement. As discussed above, Howard's written plea agreement included a waiver of his right to appeal or collaterally attack his conviction, sentence, or any restitution order on any ground. This included any claim of ineffective assistance of counsel.[4] Howard's plea was accepted by the magistrate judge only after the magistrate judge confirmed that Howard had knowingly waived his rights and that the plea was voluntary. Further, at sentencing, the sentencing judge reminded Howard of the waivers contained in his plea agreement.

The Seventh Circuit has held that, as part of a plea agreement, a defendant may validly waive his right to challenge his conviction and sentence on direct appeal or collateral review under 28 U.S.C. § 2255. *See e.g., United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir.1995); *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.1997) (1997); *United States v. Wenger*, 58 F.3d 280,

---

[4] The plea agreement only reserved the right to appeal a sentence in excess of the Sentencing Guidelines or the reasonableness of a sentence (Criminal Case, Doc. 29 § III ¶ 1-2). The waiver expressly did not apply to appeals relating to subsequent changes in the interpretation of the law and retroactive Sentencing Guideline amendments. (Criminal Case, Doc. 29 § III ¶ 3).

281 (7th Cir.1995); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir.1999). As a general rule, such waivers are enforceable. *Solano v. U.S.,* 812 F.3d 573, 576 (7th Cir. 2016). Although there are exceptions to this general rule, none of those exceptions are applicable in the instant case. *See Id.* at 577-578 (discussing exceptions).

Further, the Seventh Circuit recently held in *Solano v. U.*S.*,* 812 F.3d 573, 577 (7th Cir. 2016), a case involving similar facts, that a defendant who enters into a valid appellate waiver in a plea agreement cannot "bring an ineffective assistance of counsel claim for his attorney's failure to file an appeal, even one he explicitly requested." This is so because "the Sixth Amendment does not require an attorney to accede to a defendant's request to file an appeal where the defendant has knowingly and voluntarily waived that right as part of a valid plea agreement." *Id.* at 575. Further, "in order to establish an ineffective assistance claim, a defendant must show both objectively deficient performance and prejudice; no such showing can be made when counsel fails to file an appeal for a defendant who has validly waived the appeal." *Id.* at 577.

In the instant case, Howard knowingly and voluntarily waived the right to appeal his sentence in his plea agreement. Absent certain exceptions not in issue here, that waiver is valid and enforceable. Thus, as the Seventh Circuit explained in *Solano,* Howard may not bring an ineffective assistance of counsel claim relating to his attorney's alleged failure to file an appeal. Accordingly, Howard's § 2255 petition must be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Where a district court denies a habeas petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 485 (2000).

Reasonable jurists would not debate that this petition is without merit. Therefore, the Court shall not issue a certificate of appealability.

## V. CONCLUSION

For the aforementioned reasons, petitioner Corvin N. Howard's 28 U.S.C. § 2255 petition (Doc. 1) is **DENIED**. The Court **DISMISSES** with prejudice this cause of action.

Further, as the Court finds that the files and records of the case conclusively show that the petitioner is not entitled to relief, the petitioner's request for a hearing is **DENIED.**

Further, the Court **DECLINES** to issue a certificate of appealability.

The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 24th day of March, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.03.24 14:55:37 -05'00'

**United States District Court**